UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL CASTILLO,<br><br>    Petitioner,<br><br>    v.<br><br>W.J. SULLIVAN,<br><br>    Respondent. | No.  2:19-cv-2170-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner who, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has filed an application to proceed in forma pauperis (ECF No. 5) which makes the required showing and is granted.  However, for the reasons stated below, his petition (ECF No. 1) is time-barred.

I.      Statute of Limitations

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due

1

diligence. *See* 28 U.S.C. § 2244(d). In most cases the statute of limitations begins to run after the state court judgment becomes final pursuant to 28 U.S.C. § 2244(d)(1).

The limitations period is tolled while a properly-filed application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). An application for such relief is only "properly filed", however, if it is authorized by and in compliance with state law. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). It bears noting that there is no tolling for periods of unreasonable delay between state court applications. *See Carey v. Saffold*, 536 U.S. 214, 225 (2002).

II.     Analysis

Petitioner was convicted of carjacking (California Penal Code § 215(A)) and a firearm enhancement (§12022.53(b)) on March 13, 2009. ECF No. 1 at 34. He indicates that, on direct review, his conviction was upheld by the state court of appeal, on March 18, 2010. *Id.* at 2. Then, on June 9, 2010,[1] the California Supreme Court denied his petition for review. *See People v. Castillo*, 2010 Cal. LEXIS 5107 (2010). Nearly a decade later, on March 4, 2019, petitioner filed a habeas petition with the California Supreme Court.[2] That court denied the petition as untimely on August 28, 2019.[3] *See In re Castillo*, 2019 Cal. LEXIS 6574 (2019).

/////

Petitioner does not allege that his immediate petition is motivated by: (1) the removal of

---

[1] Petitioner acknowledges that the California Supreme Court denied his petition for review, but does not provide this date in his petition. However, the court may sua sponte take judicial notice of court records. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of court records).

[2] Petitioner omits this date as well. The court has, however, reviewed the docket on the California Courts website. *See* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2280156&doc_no=S254427&request_token=NiIwLSIkTkg%2FW1ApSCM9SE1JQEA0UDxTJiNeVzhSQCAgCg%3D%3D (Last accessed on October 29, 2019).

[3] The instant petition acknowledges that the denial occurred on this date. ECF No. 1 at 7.

some state enacted impediment to filing; (2) a new, retroactively applicable constitutional right recognized by the Supreme Court; or (3) a newfound recognition of the factual predicate of one or more of his claims.  Thus, the statute of limitations began to run ninety days after the California Supreme Court denied his petition for review in June of 2010.  The instant federal petition was not filed until September 26, 2019.  Undeterred, petitioner raises three arguments as to why his petition is not time-barred.

    First, petitioner argues that his claims are exempt from the AEDPA statute of limitations because his sentence is "illegal."  ECF No. 1 at 7.  This argument is frivolous.  Every habeas petitioner is necessarily attacking the legality of some aspect of their conviction or sentence.  Thus, the mere allegation that a sentence is "illegal" is insufficient to sidestep AEDPA's statute of limitations.

    Second, petitioner argues that his claims are "gateway claims" and, thus, excepted from AEDPA's statute of limitations.  He does not elaborate on this argument.  The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  However, to meet the threshold required for a "gateway claim," a petitioner must persuade the court that, in light of newly presented evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt.  *Schlup v. Delo*, 513 U.S 298, 329 (1995).  Petitioner has not met that high bar.  The only pieces of evidence attached to the petition are a pair of short affidavits.  The first, signed by one Ramiro Hernandez, states that petitioner was at his home at the time of the carjacking for which he was convicted.  ECF No. 1 at 30.  The second, signed by one Stormy Gutierrez,[4] corroborates the first.  *Id.* at 32.  These affidavits, one of which is undated (Hernandez) and the other dated more than four years after petitioner's conviction was finalized (Gutierrez), are insufficient to meet the standard laid out in *Schlup*.  *See*, *e.g.*, *Herrera v. Collins*, 506 U.S. 390, 423 (1993) (affidavits made years after trial—purporting to exculpate a convicted prisoner by offering a new version of events—are "not uncommon" and "are to be

---

[4] Hernandez states that Gutierrez is his step-daughter.  ECF No. 1 at 30.

treated with a fair degree of skepticism" insofar as they are "obtained without the benefit of cross-examination").

Third, petitioner argues that the court should excuse his claims from the AEDPA statute of limitations because they involve "extremely important questions of law and facts" that the state courts failed to resolve. ECF No. 1 at 7. But such an exception finds no support in either AEDPA or the relevant case law.

Given that the instant petition was filed in September of 2019, it is obviously untimely. And petitioner is not entitled to any tolling as a consequence of his untimely state habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks omitted).

III. Conclusion

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 5) is GRANTED; and

2. The Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is HEREBY RECOMMENDED that the petition (ECF No. 1) be DISMISSED as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the

/////

/////

/////

4

1   event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2254 Cases

2   (the district court must issue or deny a certificate of appealability when it enters a final order

3   adverse to the applicant).

4   DATED:  May 4, 2020.

5   EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE